**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VICTORIA JOY GODWIN, | Case No. 2:17-cv-02178-MMD-CWH |
| Plaintiff, | |
| v. | |
| SENIOR GARDEN APARTMENTS, et al., | **ORDER** |
| Defendants. | |

Presently before the Court is pro se Plaintiff Victoria Joy Godwin's motion to proceed *in forma pauperis* (ECF No. 1), filed on August 14, 2017. Also before the Court are Plaintiff's motion for judicial notice and request for expedited ruling (ECF No. 4), motion for judicial notice of relevant state court documents (ECF No. 5), and motion for judicial notice in support of request for status of application for *in forma pauperis* status (ECF No. 10).

**I.** *In Forma Pauperis* **Application**

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. The Court will therefore grant Plaintiff's application to proceed *in forma pauperis*. Plaintiff's additional motions requesting expedited ruling on her *in forma pauperis* application are denied as moot.

**II.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). To screen a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

To determine whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Finally, unless it is clear that the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding its deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff's claims arise out of her residency at the Senior Garden Apartments ("SGA"), located at 1809 and 1813 E. Charleston Blvd., Las Vegas, Nevada. Plaintiff alleges that beginning in January, 2016, she was a resident at SGA, and was subject to abusive and discriminatory behavior of Defendant Steven Rameriz, who was a resident and employee of SGA. Plaintiff also alleges that Russell Ricciardelli, owner of SGA, was a party to this abuse. Plaintiff alleges the abuse continued throughout her residency at SGA, and culminated with a notice of eviction, served on Plaintiff on July 12, 2017. Plaintiff alleges the conduct of Defendant Rameriz included repeated grabbing of Plaintiff's body, demands for "payment of a hug" for services rendered, asking for kisses, sexual invitations, refusal of repair services when Rameriz's advances were rejected, and refusal by Defendant Ricciardelli to intervene when confronted with Plaintiff's complaints.

Plaintiff's complaint alleges five causes of action against Defendants: (1) "Sexual Harassment - Quid Pro Quo," (2) "Sexual Harassment - Hostile Environment," (3) discrimination, (4) intentional infliction of emotional distress ("IIED"), and (5) negligent infliction of emotional distress ("NIED"). The Court will consider each of Plaintiff's causes of action.

    **A.**    **Sexual Harassment - Quid Pro Quo and Creation of Hostile Environment**

The Fair Housing Act ("FHA") prohibits discrimination based on sex in the sale or rental of housing. *See* 42 U.S.C. § 3604. Federal courts have recognized that sexual harassment is a form of sex discrimination that is prohibited by, and actionable under, the FHA. *Salisbury v. Hickman*, 974 F. Supp. 2d 1282, 1290 (E.D. Cal. 2013). *See also Quigley v. Winter*, 598 F.3d 938, 946 (8th Cir.2010); *DiCenso v. Cisneros*, 96 F.3d 1004, 1008 (7th Cir.1996); *Honce v. Vigil*, 1 F.3d 1085, 1089–90 (10th Cir.1993); *Shellhammer v. Lewallen*, 770 F.2d 167 (6th Cir.1985). Specifically, where the sexual harassment creates a "hostile housing environment" or constitutes "quid pro quo sexual harassment," it is actionable under the FHA. *United States v. Hurt*, 676 F.3d 649, 654 (8th Cir.2012) (quoting *Quigley*, 598 F.3d at 946–47). Quid pro quo harassment occurs when housing benefits are explicitly or implicitly conditioned on sexual favors. *Quigley*, 598 F.3d at 946-947

To prevail on a hostile housing environment claim, a plaintiff must establish that she was subjected to (1) unwelcome (2) sexual harassment that was (3) sufficiently severe or pervasive so as to interfere with or deprive the plaintiff of her right to use or enjoy her home. *Salisbury*, 974 F. Supp 2d at 1290.

To prevail on an housing discrimination quid pro quo claim, a plaintiff must establish that: (1) she was a member of a protected class; (2) she was subjected to unwelcome harassment in the form of sexual advances or requests for sexual favors; (3) the harassment was based on sex; and (4) her submission to the unwelcome advances was an express or implied condition for enjoyment of housing benefits. *See Quigley*, 598 F.3d at 947.

Plaintiff's complaint establishes a prima facie case for both of the above forms of housing discrimination under the FHA. Plaintiff alleges that based on her sex, and over the course of nearly two years, Defendant Rameriz subjected her to repeated, unwanted sexual invitations, suggestions, and demands, and that her refusal to accede led to her eviction. Liberally construing Plaintiff's allegations, the Court finds a sufficient basis for claims of a hostile housing environment, and housing discrimination quid pro quo.

**B.     Discrimination**

Plaintiff's third cause of action is a standalone discrimination claim. Upon review of the complaint, it appears this claim is duplicative of Plaintiff's first two counts of housing discrimination

3

under the FHA. The Court will therefore dismiss this claim with leave to amend.

## C. Negligent Infliction of Emotional Distress

When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims. *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011). Plaintiff's NIED is a state law claim, heard under the Court's supplementary jurisdiction stemming from her federal claims. The Court will therefore consider the NIED claim under Nevada law.

Nevada recognizes a cause of action for NIED when "a bystander suffers serious emotional distress which results in physical symptoms caused by apprehending the death or serious injury of a loved one due to the negligence of [a] defendant." *Chowdhry v. NLVH*, Inc., 851 P.2d 459, 462 (Nev. 1993). When a physical impact is established, a plaintiff may also recover under an NIED claim for a negligent act that has been committed directly against her. *Id.* However, Nevada courts have consistently "required a plaintiff alleging negligent infliction of emotional distress to demonstrate some 'physical impact' beyond conditions of insomnia or general discomfort." *Sadler v. PacifiCare of Nev.*, 340 P.3d 1264, 1268 (Nev. 2014).

Here, Plaintiff alleges Defendants' conduct caused severe and enduring emotional distress, which was accompanied by "physical repercussions" as well as "heightened fear" (Pl's. Compl., ¶ 38 (ECF No. 1-1)). However, Plaintiff does not offer any specific allegation of a physical impact caused by Plaintiff's conduct. Nor does she specify what emotional distress she suffered beyond "heightened fear." As noted above, a complaint must provide more than mere labels and conclusions in support of a claim. The Court will therefore deny Plaintiff's claim for NIED, with leave to amend.

## D. Intentional Infliction of Emotional Distress

As with her NIED claim, Plaintiff's IIED claim will be considered under Nevada law. *Mason & Dixon Intermodal*, 632 F.3d 1056. In Nevada, to prevail on a claim for intentional infliction of emotional distress, a plaintiff must establish (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) that plaintiff suffered severe or extreme emotional distress; and (3) actual or proximate causation. *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999).

4

Here, as with her claim for NIED, Plaintiff does not allege any specific severe emotional distress resulting from Defendants' conduct, beyond presenting a rhetorical question "how many ways could Plaintiff say NO?" (Pl's. Compl., ¶ 42). As noted above, a complaint must provide more than mere labels and conclusions in support of a claim. The Court will therefore deny Plaintiff's claim for IIED, with leave to amend.

### III. Plaintiff's Motion for Judicial Notice of Relevant State Court Documents

Construing Plaintiff's motion for judicial notice (ECF No. 5) liberally, it appears that Plaintiff asks the Court to consider certain attached documents in support of her complaint, and in opposition to any attempt to dismiss her complaint. While a court may review material which is properly submitted as part of a complaint when considering a motion to dismiss (*See Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2011)), it is not clear which of Plaintiff's five causes of action the documents are meant to support. Given that Plaintiff has been given leave to amend her complaint, Plaintiff is advised that she may incorporate the material from the documents as factual allegations in an amended complaint, should she choose to file one. The Court will therefore deny the motion for judicial notice without prejudice.

### IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is GRANTED. The order granting leave to proceed in forma pauperis does not extend to the issuance of subpoenas at government expense. Plaintiff's motion for expedited consideration of *in forma pauperis* status (ECF No. 4) is DENIED as moot. Plaintiff's motion for judicial notice in support of *in forma pauperis* status (ECF No. 10) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk of Court shall FILE Plaintiff's complaint (ECF No. 1-1) on the docket.

IT IS FURTHER ORDERED that Plaintiff's third claim for discrimination, her fourth claim for intentional infliction of emotional distress, and her fifth claim for negligent infliction of emotional distress are DISMISSED, with leave to amend, for failure to state a claim upon which relief can be granted. Plaintiff shall have thirty (30) days from the date of this order to file an amended complaint if she believes she can assert facts or provide materials that address the noted defects of the complaint.

5

Failure to file a timely amended complaint will result in a recommendation that these claims be dismissed with prejudice.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, the amended complaint shall be complete in and of itself, without reference to the previous complaint, as required by Local Rule 15-1. Plaintiff shall also title the amended complaint with the words, "FIRST AMENDED COMPLAINT," on page one in the caption.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff a USM-285 form and a proposed summons form, along with a copy of this order. Upon receipt, Plaintiff must complete both forms with all required information and return them to the Clerk within thirty days. Upon receipt of the completed USM-285 and proposed summons form, the Court will enter a further order for service upon Defendants.

IT IS FURTHER ORDERED that Plaintiff's motion for judicial notice (ECF No. 5) is DENIED without prejudice.

DATED: March 9, 2018

_____
C.W. Hoffman, Jr.
United States Magistrate Judge