UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTORIA JOY GODWIN, | Case No. 2:17-cv-02178-MMD-CWH |
| Plaintiff, | |
| v. | |
| SENIOR GARDEN APARTMENTS, et al., | **Report & Recommendation** |
| Defendants. | |

Presently before the Court is pro se Plaintiff Victoria Joy Godwin's motion for temporary restraining order (ECF No. 7), filed on October 20, 2017. Also before the Court is Plaintiff's motion for judicial notice in support of motion for temporary restraining order (ECF No. 8), and motion for judicial notice of continuing need (ECF No. 9).

**I.    Temporary Restraining Order**

Plaintiff seeks a temporary restraining order ("TRO") to prevent Defendants from pursuing an action for unlawful detainer in Nevada state court regarding the property at 1809 East Charleston Blvd., #4. Plaintiff has also submitted two motions asking for judicial notice of her continuing need for a TRO, further alleging that Nevada state court officials are colluding with Defendants. Plaintiff argues that the TRO is necessary in order to preserve the integrity of the rule of law, and restrain the Nevada state courts from exceeding their authority.

A TRO is designed to allow a party to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction. Their use must be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). The standard for issuing a TRO, which is derived from the standard for issuing a preliminary injunction (*See Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002), requires that a plaintiff establish that she is likely to succeed on the merits, is likely to suffer irreparable harm

1  in the absence of relief, that the balance of equities tips in his favor, and that an injunction is in the
2  public interest.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008).
3       Beyond these requirements, under Federal Rule of Civil Procedure 65(b)(1), a TRO may be
4  granted without written or oral notice to the adverse party ("ex parte") only if the moving party
5  submits an affidavit or verified complaint showing that immediate and irreparable injury, loss, or
6  damage will result before the adverse party can be heard in opposition.  Rule 65(b)(1)(B) further
7  requires that an ex parte TRO may be may be issued only if Plaintiff certifies in writing her efforts to
8  give notice and the reasons why it should not be required.  The Ninth Circuit has affirmed that the
9  issuance of ex parte temporary restraining orders must be extremely limited, and supported by
10 reasons why notice is either impossible or would somehow frustrate the purposes of litigation.  *Reno*
11 *Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006).
12      Upon review of Plaintiff's motion for temporary restraining order (ECF No. 7) and her
13 supplemental motions in support (ECF Nos. 8 and 9), Plaintiff has not served Defendants with a
14 copy of her motion, or otherwise informed Defendants of her intent to seek injunctive relief from the
15 Court.  Nor has she certified her efforts, if any, to notify Defendants, or given reason why such notice
16 should not be required.
17      Further, Plaintiff has not shown that a TRO is necessary to preserve the status quo in this
18 case.  Plaintiff's claims are related to Defendants' property, which she listed in her complaint as
19 1809 East Charleston Blvd., Las Vegas, Nevada.  Plaintiff does not claim that she currently resides at
20 this address, which is the subject of the unlawful detainer action.  In her supplemental motion in
21 support of the TRO, Plaintiff states that she is afraid for her life and therefore will no longer live on
22 Defendants' property (Pl.'s Mot., p. 2:6-7 (ECF No. 8)).  Given this statement, and the fact that
23 Plaintiff has consistently listed her address on all filings in this case as "c/o 5130 S. Fort Apache
24 #215-262, Las Vegas, Nevada," it appears that the status quo at the time of filing the motion for TRO
25 was that she no longer resided at the property subject to the unlawful detainer action.  Therefore, the
26 TRO, if issued, would not preserve the status quo.
27      Finally, it is not clear from Plaintiff's filings that she is likely to succeed on the merits of her
28 action, or that if she did, success would involve her continued residency at Defendants' property.

Even if she were to prevail on her claims against Defendants under the Fair Housing Act, the Court finds no indication that Plaintiff would be awarded an injunction. The Court will therefore recommend that Plaintiff's motion for a temporary restraining order, and her supplemental motions in support, be denied.

IT IS THEREFORE RECOMMENDED that Plaintiff's motion for temporary restraining order (ECF No. 7) is DENIED.

IT IS FURTHER RECOMMENDED that Plaintiff's motions for judicial notice (ECF Nos. 8 and 9) are DENIED.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 9, 2018

_____
C.W. Hoffman, Jr.
United States Magistrate Judge