**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VICTORIA JOY GODWIN, | Case No. 2:17-cv-02178-MMD-DJA |
| Plaintiff, | |
| v. | |
| SENIOR GARDEN APARTMENTS, et al., | **ORDER** |
| Defendants. | |

Presently before the Court are *pro se* Plaintiff Victoria Joy Godwin's Amended Complaint (ECF No. 15) and Second Amended Complaint (ECF No. 20). Also before the Court is Plaintiff's Motion for Request for Judicial Notice (ECF No. 25).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court screens the amended complaint to determine if a claim has been stated. In so doing, the Court is mindful that allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). To screen a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

1

To determine whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Finally, unless it is clear that the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding its deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint was permitted to proceed with respect to her first and second causes of action - sexual harassment - and she was given leave to amend with respect to her third, fourth, and fifth causes of action - discrimination, intentional infliction of emotional distress ("IIED"), and negligent infliction of emotional distress ("NIED"). (ECF No. 11). Plaintiff has since filed a first amended complaint (ECF No. 15) and second amended complaint (ECF No. 20) and added a notice of intent to further amend (ECF No. 24). Given that Plaintiff has already submitted a second amended complaint and requests that the second amended complaint supersede the first amended complaint, the Court will dismiss without prejudice her first amended complaint and proceed with screening of her second amended complaint. Her second amended complaint adds two more claims for slander and civil rights violations.

In general, Plaintiff's claims arise out of her residency at the Senior Garden Apartments ("SGA"), located at 1813 E. Charleston Blvd., Las Vegas, Nevada. Plaintiff alleges that beginning in January of 2016, she was subject to abusive and discriminatory conduct by Defendant Steven Rameriz, building manager for SGA. Plaintiff also alleges that Russell Ricciardelli, owner of SGA, was a party to this abuse. Plaintiff alleges the abuse continued throughout her residency at SGA, and culminated with a notice of eviction, served on Plaintiff on July 12, 2017. Plaintiff alleges the conduct of Defendant Rameriz included repeated grabbing of Plaintiff's body, demand for a kiss, retaliation, and refusal by Defendant Ricciardelli to intervene when confronted with Plaintiff's

complaints. Subsequently, she was subject to eviction proceedings during which Edward Kania was the attorney representing Defendant Ricciardelli.

Again, Plaintiff's third cause of action alleging discrimination under the Fair Housing Act appears to be duplicative of her first and second causes of action that were already permitted to proceed. As a result, the Court will dismiss the third cause of action without prejudice. Plaintiff may amend this cause of action if she believes that she can state a discriminatory housing practice under 42 U.S.C. §§ 3604, 3605, 3606, or 3617, that is separate and distinct from her first and second causes of action.

Plaintiff's fourth and fifth causes of action allege intentional and negligent emotional distress. When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims. *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011). As a result, the Court will consider Plaintiff's emotional distress claims under the Court's supplementary jurisdiction. The Court finds that Plaintiff has alleged sufficient facts to state a *prima facie* case to permit these claims to proceed. She claims that she was so distressed by Defendants' extreme and outrageous conduct that she had depression, thoughts of hopelessness, nightmares, night sweats, and physical manifestations leading her to seek treatment from a homeopath. As such, considering the allegations in the light most favorable to Plaintiff, the Court finds a sufficient basis for her IIED and NIED claims.

Plaintiff's sixth cause of action alleges slander/defamation due to statements made regarding Plaintiff in the eviction proceeding to two judges, which resulted in the grant of summary judgment. Liberally construing Plaintiff's allegations, the Court cannot decipher sufficient factual allegations to permit this claim to proceed. Plaintiff must show that there was "(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication to a third person, (3) fault, amounting to at least negligence, and (4) actual or presumed damages." *Flowers v. Carville*, 266 F.Supp.2d 1245, 1251 (D.Nev. 2003) *quoting Pegasus v. Reno Newspapers*, 57 P.3d 82, 90 (Nev. 2002). Plaintiff has alleges that the statements made were false, and that those statements caused her harm, but she has not established that a defendant was actually at fault or that the

statements were made to third parties. Plaintiff has therefore not properly pled a claim for defamation.

Additionally, a claim for slander includes all the elements of defamation, but also requires "a showing of special damages unless the defamatory statement is slanderous per se." *Lambey v. Nevada ex rel. Dept. of Health and Human Services*, 2008 WL 2704191 at *5 (D. Nev. 2008) citing *Branda v. Sanford*, 637 P.2d 1223, 1225 (Nev.1981). "A statement is slanderous per se if it (1) imputes commission of a crime; (2) injures the plaintiff's trade, business, or office; (3) imputes contraction of a loathsome disease; or (4) imputes unchastity in a woman." *Id.* Plaintiff has not sufficiently established that the statements were slanderous per se. As such, her sixth cause of action will be dismissed with leave to amend.

Plaintiff's seventh cause of action alleges a Section 1983 violation of her due process rights and conspiracy to violate her equal protection rights against attorneys Defendants Kania, Newmark, and Brown. Section 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To the extent that Plaintiff is seeking to state a claim under Section 1983, she "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49. Plaintiff has not included sufficient allegations to state a plausible claim that the attorneys identified will be dismissed with leave to amend.

### III. Plaintiff's Motion for Judicial Notice of Relevant State Court Documents

Construing Plaintiff's Motion for Request for Judicial Notice (ECF No. 25) liberally, it appears that Plaintiff asks the Court to consider additional information for her Second Amended Complaint, but it is not clear which causes of action the information is being directed at. As such, Plaintiff may incorporate the material from the documents as factual allegations in a third amended

4

complaint, should she choose to file one. The Court will therefore deny the motion for judicial notice without prejudice.

**IV.  Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's third claim for discrimination, sixth claim for defamation/slander, and seventh claim for civil rights violations are dismissed with leave to amend, for failure to state a claim upon which relief can be granted. Plaintiff shall have thirty (30) days from the date of this order to file an amended complaint adding only new factual allegations for **these three claims**, if she believes she can assert facts or provide allegations that address the noted defects of the complaint. Failure to file a timely amended complaint will result in a recommendation that these claims be dismissed with prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint, the amended complaint shall be complete in and of itself, without reference to the previous complaint, as required by Local Rule 15-1. Plaintiff shall also title the amended complaint with the words, "THIRD AMENDED COMPLAINT," on page one in the caption.

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff a USM-285 form and a proposed summons form, along with a copy of this order. Upon receipt, Plaintiff must complete both forms with all required information and return them to the Clerk within thirty days. Upon receipt of the completed USM-285 and proposed summons form, the Court will enter a further order for service upon Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Request for Judicial Notice (ECF No. 25) is **denied** without prejudice.

DATED: October 28, 2019.

_____
Daniel J. Albregts
United States Magistrate Judge