# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VICTORIA JOY GODWIN,

    Plaintiff,

v.

SENIOR GARDEN APARTMENTS, et al.,

    Defendants.

Case No. 2:17-cv-02178-MMD-DJA

**ORDER**

Presently before the Court are *pro se* Plaintiff Victoria Joy Godwin's Motion for Appointment of Counsel (ECF No. 30), filed on November 18, 2019. Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding pro se do not qualify as exceptional circumstances. *Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990). Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate her claim *pro se* "in light of the complexity of the legal issues

involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

Here, the court does not find any exceptional circumstances. Upon review of Plaintiff's complaint and supporting documents, it is not clear that Plaintiff's claims are likely to succeed on the merits. Further, the claims, such as they are, are not complex. The Court will therefore deny the motion.

In addition, the Court ordered Plaintiff to file a third amended complaint, if she intended to proceed with this action on the three claims identified, by November 27, 2019. (ECF No. 27). No such third amended complaint was filed by that deadline. However, the Court notes that its Order was returned as not deliverable and Plaintiff subsequently filed a change of address. Therefore, the Court will require the Clerk of the Court to send another copy of ECF No. 27 to the new address for Plaintiff. It will also give Plaintiff an additional thirty (30) days from the date of this order to file an amended complaint adding only new factual allegations for only the third claim for discrimination, sixth claim for defamation/slander, and seventh claim for civil rights violations if she believes she can assert facts or provide allegations that address the noted defects of the complaint. Failure to file a timely amended complaint will result in a recommendation that these claims be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff Victoria Joy Godwin's Motion for Appointment of Counsel (ECF No. 30) is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail another copy of Order ECF No. 27 to the new address for Plaintiff listed on the docket.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days from the date of this order to file an amended complaint adding only new factual allegations for only the third claim for discrimination, sixth claim for defamation/slander, and seventh claim for civil rights violations , if she believes she can assert facts or provide allegations that address the noted defects of the complaint. Failure to file a timely amended complaint will result in a recommendation that these claims be dismissed with prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint, the amended complaint shall be complete in and of itself, without reference to the previous complaint, as required by Local Rule 15-1. Plaintiff shall also title the amended complaint with the words, "THIRD AMENDED COMPLAINT," on page one in the caption.

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff a USM-285 form and a proposed summons form, along with a copy of this order. Upon receipt, Plaintiff must complete both forms with all required information and return them to the Clerk within thirty days. Upon receipt of the completed USM-285 and proposed summons form, the Court will enter a further order for service upon Defendants.

DATED: December 16, 2019

_____
Daniel J. Albregts
United States Magistrate Judge