# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTORIA JOY GODWIN, | Case No. 2:17-cv-02178-MMD-DJA |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| SENIOR GARDEN APARTMENTS, ET AL., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Extend Time to Amend (ECF No. 32) filed on January 13, 2020. The Court previously screened Plaintiff's Second Amended Complaint and granted her until January 15, 2020 to file a third amended complaint as outlined in its Orders ECF Nos. 27 and 31. Plaintiff requests additional time to comply and has in fact filed a proposed Third Amended Complaint so the Court will grant her request and consider the Third Amended Complaint (ECF No. 34) to be timely filed.

In addition, Plaintiff requests to be permitted to file electronically via CM/ECF. (ECF No. 33). A *pro se* litigant may request authorization to register as an electronic filer in a specific case. Local Rule IC 2-2(b). The Court will require her to complete the CM/ECF tutorial and review the Electronic Case Filing Procedures and the Civil Menu E-Filing Categories and Events.[1] Also, she must establish a CM/ECF account.

The Court will now screen Plaintiff's proposed Third Amended Complaint (ECF No. 34). Pursuant to 28 U.S.C. § 1915(e)(2), the Court screens the amended complaint to determine if a claim has been stated. In so doing, the Court is mindful that allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627

---

[1] The tutorial, Electronic Case Filing Procedures, and Civil Menu E-Filing Categories and Events can all be found at https://www.nvd.uscourts.gov/e-filing-permission/.

F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). To screen a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

To determine whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Finally, unless it is clear that the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding its deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint was permitted to proceed with respect to her first and second causes of action - sexual harassment - and she was given leave to amend. (ECF No. 11). Then, the Court thoroughly screened the Second Amended Complaint, permitted her emotional distress claims to proceed, and Plaintiff was only given leave to amend the following three claims: third claim for discrimination, sixth claim for defamation/slander, and seventh claim for civil rights

1    violations. (ECF No. 27). The Court will now screen her new allegations with respect to these
2    claims in the Third Amended Complaint. (ECF No. 34).

3    Although difficult to decipher given the 139 pages in the Third Amended Complaint are
4    largely rambling, Plaintiff's fifth cause of action alleging slander/defamation due to statements
5    made regarding Plaintiff in the eviction proceeding appears to be sufficient to survive screening at
6    this point. Plaintiff must show that there was "(1) a false and defamatory statement by [a]
7    defendant concerning the plaintiff; (2) an unprivileged publication to a third person, (3) fault,
8    amounting to at least negligence, and (4) actual or presumed damages." *Flowers v. Carville*, 266
9    F.Supp.2d 1245, 1251 (D.Nev. 2003) *quoting Pegasus v. Reno Newspapers*, 57 P.3d 82, 90 (Nev.
10   2002). Similarly, a claim for slander also requires "a showing of special damages unless the
11   defamatory statement is slanderous per se." *Lambey v. Nevada ex rel. Dept. of Health and Human
12   Services*, 2008 WL 2704191 at *5 (D. Nev. 2008) citing *Branda v. Sanford*, 637 P.2d 1223, 1225
13   (Nev.1981). "A statement is slanderous per se if it (1) imputes commission of a crime; (2) injures
14   the plaintiff's trade, business, or office; (3) imputes contraction of a loathsome disease; or (4)
15   imputes unchastity in a woman." *Id.* Plaintiff has alleged sufficient facts to infer that written
16   statements were made in court proceedings that impeded her ability to work. As such, the Court
17   will permit her fifth cause of action alleging slander/defamation to proceed.

18   Plaintiff's sixth cause of action alleges a Section 1983 violation of her due process rights
19   and conspiracy to violate her equal protection rights against attorneys Defendants Kania,
20   Newmark, and Brown along with Ricciardelli. Section 1983 creates a path for the private
21   enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v.
22   Connor*, 490 U.S. 386, 393-94 (1989). To the extent that Plaintiff is seeking to state a claim under
23   Section 1983, she "must allege the violation of a right secured by the Constitution and the laws of
24   the United States, and must show that the alleged deprivation was committed by a person acting
25   under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under "color of
26   law" if he "exercise[s] power possessed by virtue of state law and made possible only because the
27   wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49. Plaintiff has not
28

included sufficient allegations to state a plausible claim and given that leave to amend was already provided to no avail, the Court will recommend this claim be dismissed with prejudice.

Plaintiff's final seventh cause of action is for declaratory judgment. The Court finds no authority is cited to support that declaratory judgment is available to Plaintiff given her allegations and will also recommend that this claim be dismissed with prejudice.

## **ORDER**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Extend Time to Amend (ECF No. 32) is **granted**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Pro Se Litigant to File Electronically (ECF No. 33) is **granted**.

IT IS FURTHER ORDERED that Plaintiff must comply with the following procedures to activate her CM/ECF account:

(1) By March 31, 2020, Plaintiff must file a written certification that she has completed the CM/ECF tutorial and is familiar with Electronic Filing Procedures, Best Practices, and the Civil & Criminal Events Menu that are available on the court's website, www.nvd.uscourts.gov. Plaintiff is advised that she is not authorized to file electronically until this certification is filed with the court within the time frame specified.

(2) After timely filing the certification, Plaintiff must contact the CM/ECF Help Desk at (702) 464-5555 to set up a CM/ECF account.

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff Victoria Joy Godwin's sixth and seventh claims in the Third Amended Complaint be dismissed with prejudice and she be permitted to proceed on the remaining claims with an order directing her to completed USM-285 forms and proposed summons forms for each defendant and return to the Clerk of the Court within thirty days of the Court's order.

## **NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 10, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE