UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VICTORIA JOY GODWIN,<br><br>                                 Plaintiff,<br>      v.<br>SENIOR GARDEN APARTMENTS, *et al.*,<br>                                 Defendants. | Case No. 2:17-cv-02178-MMD-DJA<br><br>ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE DANIEL J. ALBREGTS |

This case, which commenced in August 2017, remains at the initial pleading stage on Plaintiff Victoria Joy Godwin's 139-page Third Amended Complaint ("TAC") (ECF No. 34). Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Daniel J. Albregts, recommending that Plaintiff be permitted to proceed on all claims alleged in the TAC, except her sixth and seventh claims. (ECF No. 36.)[1] Judge Albregts recommends that these latter claims be dismissed with prejudice. (*Id.* at 4.) Plaintiff has filed both an objection ("Objection") and a separate "addendum" to the Objection. (ECF Nos. 39, 41.) The Court will not consider the latter.[2] For the reasons below, the Court will accept the R&R in full.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

///

---

[1] ECF No. 36 also includes orders which are not part of Judge Albregts' recommendations to this Court.

[2] Even though Plaintiff is a pro se litigant, the Court strikes the "addendum" because it was filed without seeking leave of the Court and ultimately circumvents Local Rule 7-2(g), which requires leave of the Court prior to filing any supplemental briefing. *See also* LR IB 3-2(a) (specifically applicable to a magistrate's recommendations). "Pro se litigants are not excused from following court rules," *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir.1997), and they must follow the same rules of procedure that govern other litigants, *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir.1984), *cert. denied,* 469 U.S. 1165 (1985), overruling on other grounds recognized by *United States v. Hanna*, 293 F.3d 1080 (9th Cir. 2002).

timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiff's Objection (ECF No. 39) the Court engages in *de novo* review of the TAC to decide whether to accept the R&R. Having done so, the Court concludes that the R&R should be accepted.

Plaintiff's Objection is difficult to follow such that it is hard for the Court to decipher what Plaintiff's specific objections are as to the dismissal of her sixth and seventh claims (ECF No. 134 at 120–139). In the Objection, the Court gathers that aside from her general disaffection with the recommendation of dismissal with prejudice, Plaintiff's chief disagreements with the R&R are that it lacks specificity as to why the claims are to be dismissed and that dismissal is premature without allowing for more evidence to be considered. (*See generally* ECF No. 39.) Plaintiff otherwise seems to suggest that Judge Albregts lacks the judicial experience to arrive at the correct decision on whether to dismiss the claims and she presents points akin to a dissertation about: (1) the role of the research attorney/law clerk in our system of checks and balances; and (2) the differences between men and women in thinking through issues and making decisions. (*Id.*) Absent more precise pertinent objections from Plaintiff to guide the Court's analysis here, the Court considers afresh the relevant assertions Plaintiff makes in the TAC, in pursuit of thoroughness.

As an initial matter and as briefly touched on by the R&R (ECF No. 36 at 2–3), Plaintiff's claims in the TAC exceed the scope of the amendments permitted in the order screening her second amended complaint ("SAC Order") (ECF No. 27). The SAC Order specifically provided Plaintiff leave only to amend her "third claim for discrimination, sixth claim for defamation/slander, and seventh claim for civil rights violations." (*E.g.*, ECF No. 27 at 5.) In the TAC, Plaintiff purports to bring a sixth claim broadly titled "Deprivation of Constitutional Rights." (ECF No. 34 at 120.) This claim appears to have been part of Plaintiff's seventh claim in her second amended complaint ("SAC") and also encompasses state law allegations that were part of Plaintiff's eighth and ninth claims in the SAC.

(*Compare* ECF No. 20 at 41–48 *with* ECF No. 34 at 120–35.) To the extent Plaintiff asserts allegations in the TAC which were not permitted by amendment—those previously her eighth and ninth claims, Plaintiff has exceeded the scope of the permitted amendments and those allegations are not considered as part of the TAC. Further, the seventh "claim" in the TAC is for declaratory judgment—a relief, not a standalone claim (ECF No. 34 at 136), which was not asserted in the SAC. Thus, dismissal of the seventh "claim" is also warranted for exceeding the scope of permitted amendments.

Moreover, on its substance, the Court also agrees with Judge Albregts' recommendation to dismiss Plaintiff's seventh "claim" (ECF No. 34 at 136–39). (ECF No. 36 at 4.) In this claim, Plaintiff prefaces her assertions, stating: "Plaintiff reserves the right to raise an issue for declaratory judgment . . . once Defendants clarify Defendants' stance on the role of the Research attorney/Law Clerk." (*Id.* at 136.) The Court finds that Plaintiff's purported reservation of rights is not an assertion of a claim and she relies on no authority to support the availability of declaratory relief in the context of this action.

To the extent Plaintiff's sixth claim does not exceed the scope of permitted amendments, the Court agrees that it should also be dismissed. In the R&R, Judge Albregts concluded that Plaintiff's sixth claim was insufficiently pleaded and did not state a plausible claim for violation of her due process rights and conspiracy to violate her equal protection rights. (ECF No. 36 at 3–4.) To be sure, Plaintiff's sixth claim spans roughly 14 pages (ECF No. 120–35) and includes subheadings of ancillary assertions while additionally incorporating preceding allegations. The sixth claim is presented as being for federal and state constitutional violations as well as other state law abuses. The claim exceeds the scope of permitted amendment as to the state law claims—Plaintiff's eighth and ninth claims in the SAC previously noted. Plaintiff otherwise asserts violations of her right to equal protection under the laws, violations of her due process rights and conspiracy to violate the same. While intermixed with alleged facts, Plaintiff's sixth claim is a meandering quagmire of convoluted jargon. Even with great effort, the Court was unable to decipher a specific legally cognizable claim/injury for which relief may be granted from

the assertions constituting the sixth claim. The Court further agrees that the claim should be dismissed with prejudice because Plaintiff has been thrice allowed to amend it to no avail (*see* ECF No. 36 at 4).

In sum, the Court agrees with the R&R's recommendations to dismiss the sixth and seventh claims Plaintiff alleges in the TAC.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Daniel J. Albregts (ECF No. 36) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's sixth and seventh claims, as asserted in the TAC, are dismissed from this action and Plaintiff will be allowed to proceed on her other claims.

It is further ordered that Plaintiff's "addendum" to her Objection (ECF No. 41) is stricken.

It is further ordered that Plaintiff's Objection (ECF No. 39) is overruled.

It is further ordered that the Clerk of the Court send to Plaintiff USM-285 forms and proposed summons forms for each Defendant, along with a copy of this order. Upon receipt, Plaintiff must complete the forms with all required information and return them to the Clerk within 30 days of this order.

DATED THIS 13th day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE