1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

VICTORIA JOY GODWIN,

                                    Plaintiff,

        v.

SENIOR GARDEN APARTMENTS, *et al.*,

                                    Defendants.

Case No. 2:17-cv-02178-MMD-DJA

ORDER

I.    **SUMMARY**

        Before the Court are two filings by Plaintiff Victoria Joy Godwin seeking vacatur of the Court's order issued on April 13, 2020 (ECF No. 42), accepting in its entirety the Report and Recommendation of Magistrate Judge Daniel J. Albregts ("R&R") (ECF No. 36), to which Plaintiff objected ("Objection") (ECF No. 39) ("Order"). (ECF Nos. 54, 56). The first motion (ECF No. 54) is moot because it is superseded by the later filed motion to vacate ("Motion") (ECF No. 56). Ultimately, the Court denies the Motion for the reasons provided below.

II.   **BACKGROUND**

        The R&R recommended dismissing Plaintiff's sixth and seventh claims, as alleged in Plaintiff's third amended complaint ("TAC"), and permitting Plaintiff to proceed on her other claims. (*See* ECF No. 36; *see also* ECF No. 27.) Plaintiff thereafter filed her Objection. (ECF No. 39.) Upon a de novo review of the TAC and Objection, the Court overruled the latter and accepted the R&R in full. (ECF No. 42.) The Court agreed with the R&R that the two claims should be dismissed because Plaintiff had, *inter alia*: (1) exceeded the scope of permitted amendment as to both claims; (2) sought declaratory judgment which was not available to her based on her assertions in the seventh claim; and (3) her sixth claim was not cognizable. (*See generally id.*)

1    **III.    DISCUSSION**

2        Plaintiff has not met the requirements of vacatur. A motion to vacate challenging

3 the merits of the Court's order is properly brought under 60(b) or 59(e) of the Federal

4 Rules of Civil Procedure. Plaintiff has not expressly argued either rule. (*See generally* ECF

5 No. 56.) But for Plaintiff's benefit, the Court notes that Rule 59 permits a court to alter or

6 amend a judgment. *See* Fed. R. Civ. P. 59(e). Under Rule 60(b), a court may grant relief

7 from a final judgment, order, or proceeding upon a showing of the following:

8        (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
discovered evidence that, with reasonable diligence, could not have been

9        discovered in time to move for a new trial under Rule 59(b); (3) fraud
(whether previously called intrinsic or extrinsic), misrepresentation, or

10        misconduct by an opposing party; (4) the judgment is void; (5) the
judgment has been satisfied, released or discharged; it is based on an

11        earlier judgment that has been reversed or vacated; or applying it
prospectively is no longer equitable; or (6) any other reason that justifies

12        relief.

13 Fed. R. Civ. P. 60(b).[1]

14        The Court finds that Plaintiff's Motion is most appropriately considered under Rule

15 60. Plaintiff appears to rely on Rule 60(b)(4) in arguing that the Order is null and void and

16 also claiming that the Court abused its discretion in dismissing the sixth and seventh

17 claims. (*See generally* ECF No. 56.) Plaintiff materially relies on the U.S. Supreme Court's

18 recent decision in *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020)[2] to support

19 her contentions in an effort to have this Court reconsider the dismissal of the noted claims.

20 The *Sineneng-Smith* decision was issued after the Court issued its Order—on May 7,

21 2020. *See id.* In any event, it is not applicable to this case.

22    ///

---

23        [1]A motion to reconsider must set forth "some valid reason why the court should

24 reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp.

25 2d 1180, 1183 (D. Nev. 2003). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005). A district court may also decline

26 to consider claims and issues that were not raised until a motion for reconsideration.

27 *Hopkins v. Andaya*, 958 F.2d 881, 889 n.5 (9th Cir. 1992), *impliedly overruled on other grounds in Federman v. County of Kern*, 61 F. App'x 438, 440 (9th Cir. 2003).

28        [2]Plaintiff also requests judicial notice of this case (ECF No. 55), which the Court will grant.

1   In *Sineneng-Smith*, the U.S. Supreme Court vacated and remanded a ruling of the

2   Ninth Circuit Court of Appeals—holding, 9-0, that the appellate court abused its discretion

3   by drastically departing from the principle of party presentation. 140 S. Ct. at 1582. The

4   Court concluded that the appellate court reached beyond the issues raised by the

5   respondent and by ordering additional briefing by non-parties to decide whether 8 U.S.C.

6   § 1324(a)(1)(A)(iv) (concerning immigration) is unconstitutionally overbroad. *See id.* at

7   1577–78, 1580–81. In Plaintiff's own words, in the case the Supreme Court "decried the

8   practice of judges ruling on issues not framed by any party." (ECF No. 56 at 5.)

9   This case is not remotely in *Sineneng-Smith*'s ballpark. Here, the Court's Order

10  concerns the allegations Plaintiff asserts in the TAC. The Order is precisely about

11  Plaintiff's failure to properly and adequately allege her claims—not about the Court

12  considering issues not presented to it. Therefore, *Sineneng-Smith* is of no avail to Plaintiff

13  to support a finding that the Order should be voided or that the Court abused its discretion

14  in issuing the Order. Plaintiff has not otherwise provided any reason warranting

15  reconsideration of the Court's Order.[3] The Court will therefore deny the Motion.[4]

16  **IV.   CONCLUSION**

17  It is therefore ordered that Plaintiff's request for judicial notice of *United States v.*

18  *Sineneng-Smith*, 140 S. Ct. 1575 (2020) (ECF No. 55) is granted.

19  ///

20  ///

---

21  [3]As with her other briefing, Plaintiff's Motion is largely a series of unhelpful
22  assertions and recitations, chiefly taking issue with the fact that the Court adopted the R&R (*e.g.*, ECF No. 56 at 6–7). As the Court noted in the Order, it is empowered to adopt
23  or reject a report and recommendation under 28 U.S.C. § 636(b)(1) (ECF No. 42 at 1). It would serve Plaintiff well to focus, as much as possible, on the facts and law helpful—or better yet necessary—to the Court's ruling.

24  [4]Plaintiff also takes issue that the dismissal of the sixth and seventh claims are with
25  prejudice (*e.g.*, ECF No. 56 at 13, 18). To reiterate, the seventh claim was dismissed largely because Plaintiff stated no basis to support a request for declaratory judgment
26  (ECF No. 42 at 3). The sixth claim was dismissed with prejudice expressly because "Plaintiff has been thrice allowed to amend it to no avail." (*Id.* at 4.) Additionally, the
27  inclusion of the sections apparently concerning joinder under Rule 19 and 20 of the Federal Rules of Civil Procedure (ECF No. 56 at 17–19) is not clearly relevant to the
28  Motion, and, even if it was, it does not alter the Court's ruling denying the Motion here.

It is further ordered that Plaintiff's first filed motion to vacate (ECF No. 54) is denied as moot because it is superseded by Plaintiff's later filed motion seeking the same.

It is further ordered that Plaintiff's second filed motion to vacate (ECF No. 56) is denied.

DATED THIS 16th day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE