**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| VICTORIA JOY GODWIN, | Case No. 2:17-cv-02178-MMD-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| SENIOR GARDEN APARTMENTS, ET AL., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Amend Complaint (ECF No. 64) and Re-Submitted Motion for Amending Complaint (ECF No. 65), both filed on July 20, 2020. The Court previously screened Plaintiff's Third Amended Complaint and permitted some causes of action to proceed while recommending that some be dismissed. (ECF No. 36). Its recommendation was adopted by the District Judge and her sixth and seventh claims were dismissed. (ECF No. 42). Further, Plaintiff requests to reconsider that Order of dismissal was denied. (ECF No. 61).

Now Plaintiff files two Motions requesting revision of the operative Third Amended Complaint to comply with the Court's Order of dismissal of her sixth and seventh claims. However, neither of her Motions actually attach a proposed fourth amended complaint. Plaintiff has previously been told by the Court that if she chooses to file an amended complaint, the amended complaint shall be complete in and of itself, without reference to the previous complaint, as required by Local Rule 15-1. Without such a proposed pleading to review, there is nothing for the Court to screen in order to determine if she may proceed with the amendment

Further, Plaintiff appears to be under the mistaken assumption that she needs to revise the operative Third Amended Complaint simply because the Court dismissed two claims. There is no need to revise it just to delete those claims. The Court's Order of dismissal serves to provide

Defendants with notice, after they are served, that those claims are no longer part of this case. Nevertheless, if Plaintiff seeks to add or remove factual allegations or even claims, she may do so by filing a complete, proposed Fourth Amended Complaint within 30 days of this Order.

This matter is also before the Court on Plaintiff's Motion/Notification of Procedural Anomalies Requiring Clarification (ECF No. 66), filed on July 23, 2020. The Court will deny her request. She lists a variety of items in which she seeks clarification such as cm/ecf generated deadlines and filing procedures. The Court will not issue an advisory opinion on her requests nor can it provide her with guidance with how to prosecute her case. She should seek out advice of counsel to the extent she has questions with how to proceed with the litigation.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion Amend Complaint (ECF No. 64) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Re-Submitted Motion for Amending Complaint (ECF No. 65) is **denied without prejudice**.

IT IS FURTHER ORDERED that Motion/Notification of Procedural Anomalies Requiring Clarification (ECF No. 66) is **denied**.

DATED: August 10, 2020

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE