UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

VICTORIA-JOY GODWIN,

                     Plaintiff,

    v.

SENIOR GARDEN APARTMENTS, *et al.*,

                   Defendants.

Case No. 2:17-cv-02178-MMD-DJA

ORDER

## I.    SUMMARY

*Pro se* Plaintiff Victoria-Joy Godwin filed an 87-page Fourth Amended Complaint alleging numerous defendants violated the Fair Housing Act, operated a racketeering scheme, and engaged in a civil conspiracy using state court personnel to intimidate Plaintiff. (ECF No. 87 ("FAC").) Plaintiff alleges Defendants Elizabeth Brown, Steve Grierson, Betty Foley, and Collin Jayne (collectively, "Defendants")—all state court employees—engaged in acts in their official and individual capacities to cause Plaintiff harm. (*Id.*) Before the Court are Brown's motion to dismiss (ECF No. 91) and Grierson, Foley, and Jayne's motion to dismiss (ECF No. 131). Plaintiff opposes both dismissal motions. (ECF Nos. 96, 138.)[1]

As further explained below, the Court grants Defendants' motions to dismiss. The Court finds Defendants enjoy quasi-judicial immunity and are entitled to Eleventh

---

[1]ECF No. 138 is titled Plaintiff's "motion for striking defendants' motion to dismiss." The Court construes the motion as a response to Grierson, Foley, and Jayne's dismissal motion (ECF No. 131). Nevertheless, if the Court accepted the motion as a motion to strike, it would be denied as Plaintiff's arguments are without merit.

Plaintiff additionally names Brown in ECF No. 138 as one of the defendants that filed ECF No. 131. This may be the result of a docketing error that has since been corrected. Brown is identified as a defendant in ECF No. 91 and not a defendant in ECF No. 131.

1   Amendment protection. Plaintiff's claims against Defendants are therefore dismissed with

2   prejudice.

3   **II.    BACKGROUND**

4        The following allegations are adapted from Plaintiff's FAC.[2] In June 2017, Plaintiff's

5   landlord filed an eviction action against Plaintiff. (ECF No. 87 at 18.) The landlord

6   additionally filed a second eviction action against Plaintiff ("Second Action"). (*Id.* at 21-

7   22.) On September 27, 2017, Plaintiff received a notice to vacate due to a court order

8   granting the landlord summary eviction. (*Id.* at 24.) Plaintiff thereafter appeared at a court

9   hearing, and the court refused to re-address the grant of summary eviction in the Second

10   Action. (*Id.* at 25.)

11        Plaintiff filed an injunction and appealed in the Second Action. (*Id.* at 26.) Court

12   employee Collin Jayne ignored the merits of Plaintiff's injunction, thus demonstrating

13   Jayne's "willingness to join the conspiracy to defraud Plaintiff and obstruct justice." (*Id.* at

14   27.) After court hearings on Plaintiff's case, Jayne and court employee Betty Foley were

15   induced to engage in actions resulting in a court order they "knew was designed to

16   prevent, impede, and constrain" the judgment of a higher court. (*Id.* 27-28.) Foley and

17   Jayne furthermore sent Plaintiff fraudulent decisions. (*Id.* at 30.) During this litigation

18   period, Plaintiff mailed conditional acceptances to Foley, Jayne, and court clerk Steve

19   Grierson, but they "refused to resolve the issue as to the roles of the [research attorneys]

20   as checks and balances preserving justice." (*Id.* at 31.)

21        At some point, Plaintiff appealed two summary judgment decisions to the Nevada

22   Court of Appeals. (*Id.* at 31-32.) According to Plaintiff, court employee Elizabeth Brown

23   engaged in mail fraud, refused to properly train research attorneys, prevented Plaintiff

24   from questioning and investigating public employees' performance, encouraged bribery,

25   and withheld documents. (*Id.* at 33-34.) Brown and Grierson failed to produce training

26

27        [2]The Court again finds it difficult to decipher Plaintiff's allegations and her factual
     basis for her claims is somewhat confusing. Although the Court has raised the issue of
28   clarity before (*see* ECF Nos. 42 at 2, 36 at 3), Plaintiff's claims require the Court to
     construe them as stated above.

1   materials and concealed information. (*Id.* at 65, 67, 84-85.) Moreover, Defendants all

2   engaged in acts for the "purpose of obstructing the enforcement of a court order" that

3   remanded a summary eviction action to the lower court. (*Id.* at 41.)

4           Plaintiff states she suffers from severe and enduring emotional distress as a result

5   of Defendants' acts or failures to act. (*Id.* at 48.) Plaintiff alleges seven claims for relief:

6   (1) *quid pro quo* sexual harassment; (2) hostile environment sexual harassment; (3)

7   intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5)

8   defamation; (6) racketeering; and (7) civil conspiracy. (*Id.* at 42-86.) Plaintiff seeks

9   compensatory and punitive damages in addition to other prayers for relief. (*Id.* at 86-87.)

10  **III.    LEGAL STANDARD**

11          A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

12  relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide

13  "a short and plain statement of the claim showing that the pleader is entitled to relief."

14  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While

15  Rule 8 does not require detailed factual allegations, it demands more than "labels and

16  conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

17  *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations

18  must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to

19  survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a

20  claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

21  U.S. at 570).

22          In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

23  apply when considering motions to dismiss. First, a district court must accept as true all

24  well-pleaded factual allegations in the complaint; however, legal conclusions are not

25  entitled to the assumption of truth. *See id.* at 678. Mere recitals of the elements of a cause

26  of action, supported only by conclusory statements, do not suffice. *See id.* Second, a

27  district court must consider whether the factual allegations in the complaint allege a

28  plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's

1   complaint alleges facts that allow a court to draw a reasonable inference that the

2   defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does

3   not permit the Court to infer more than the mere possibility of misconduct, the complaint

4   has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679

5   (alteration in original) (internal quotation marks and citation omitted). That is insufficient.

6   When the claims in a complaint have not crossed the line from conceivable to plausible,

7   the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

8   ## IV.   DISCUSSION

9       Defendants argue Plaintiff's claims should be dismissed under Fed. R. Civ. P.

10  12(b)(6) on the following grounds: (1) the Eleventh Amendment bars Defendants from

11  being sued in their official capacities; (2) Defendants have quasi-judicial immunity; (3)

12  Plaintiff's tort claims are implausible; (4) there is no evidence Defendants participated in

13  racketeering; and (5) Plaintiff is unable to establish Defendants engaged in civil

14  conspiracy.[3] (ECF Nos. 91, 131.) The Court will address Defendants' quasi-judicial

15  immunity and Eleventh Amendment arguments in turn as they prove to be dispositive in

16  resolving the dismissal motions.

17  ### A.   QUASI-JUDICIAL IMMUNITY

18      Defendants argue that they have quasi-judicial immunity against Plaintiff's claims.

19  (ECF Nos. 91 at 4, 131 at 6, 10-11.) Plaintiff appears to counter that immunity does not

20  extend to Defendants as clerks and research attorneys. (ECF No. 96 at 3, 5-9.)[4] The

21  Court disagrees with Plaintiff.

22      "A seemingly impregnable fortress in American Jurisprudence is the absolute

23  immunity of judges from civil liability for acts done by them within their judicial jurisdiction."

24

25      [3]Plaintiff's FAC fails to provide sufficient factual allegations against Defendants
    and merely asserts conclusory statements. *See Iqbal*, 556 U.S. at 678. The Court agrees

26  with Defendants on Grounds 3, 4, 5. Further discussion is unnecessary and unwarranted
    as it does not affect the outcome of Defendants' motions to dismiss.

27

28      [4]Plaintiff makes this argument in her opposition (ECF No. 96) to Brown's motion to
    dismiss (ECF No. 96), but the argument is general to state court employees as to also
    apply to Grierson, Foley, and Jayne's motion to dismiss (ECF No. 131).

1   *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) (citing *Pierson v. Ray*, 386 U.S.

2   547, 554 (1967)). This immunity extends to shield court clerks. *See Mullis v. U.S. Bankr.*

3   *Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial

4   immunity from damages for civil rights violations when they perform tasks that are an

5   integral part of the judicial process . . . unless [the] acts were done in the clear absence

6   of all jurisdiction."). Quasi-judicial immunity extends to individuals performing functions

7   "closely associated with the judicial process." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124,

8   1133 (9th Cir. 2001) (quoting *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996)).

9       Brown is the Clerk of the Nevada Supreme Court and Grierson is the Clerk of the

10  Eighth Judicial District Court. (ECF Nos. 91 at 1, 131 at 1.) Foley and Jayne are law clerks

11  for the Eighth Judicial District Court. (ECF No. 131 at 1.) Based on Plaintiff's allegations,

12  the Court infers that Brown and Grierson had a responsibility to train court staff, manage

13  cases, provide information to litigants, and mail court decisions. Foley and Jayne were

14  responsible for legal research, drafting court documents, and assisting judges. Even if the

15  Court accepts Plaintiff's allegations as true, Defendants' actions were conclusively

16  "integral part[s] of the judicial process" and were not performed in the "clear absence of

17  all jurisdiction." *Mullis*, 828 F.2d at 1390-91; *see Stump v. Sparkman*, 435 U.S. 349, 356-

18  57 (1978); *see also Moore*, 96 F.3d at 1243-45 (affirming a district court dismissal of

19  claims against a clerk and law clerk on the ground of judicial immunity). The Court

20  therefore agrees that Defendants are immune from liability on Plaintiff's claims.

21      **B.   ELEVENTH AMENDMENT BAR**

22      Defendants argue the Eleventh Amendment prevents Plaintiff from bringing state

23  tort claims against Defendants in their official capacities. (ECF Nos. 91 at 3-4, 131 at 5.)

24  Plaintiff appears to counter that Defendants remain liable as the Eleventh Amendment

25  bar civil rights actions and not tort claims. (ECF No. 96 at 7, 12.)[5] The Court does not find

26  Plaintiff's argument persuasive.

27

28      [5]*See supra* note 4 and accompanying text.

The Ninth Circuit Court of Appeals has held, "[f]ederal courts are without jurisdiction to entertain suits seeking civil damages against a state." *Prod. & Leasing, Ltd. v. Hotel Conquistador, Inc.*, 709 F.2d 21, 21 (9th Cir. 1983) (citing *Quern v. Jordan*, 440 U.S. 332, 337 (1979)). "Where the state is in fact the real party in interest this bar cannot be circumvented by naming an individual state official or state agency as a nominal defendant." *Id.* (quoting *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981)). While a state may waive its Eleventh Amendment immunity to a suit, Nevada has not done so. *See id.* (citing *O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982)). "Eleventh Amendment immunity extends to actions against state officers sued in their official capacities." *Id.* at 22 (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982)).

Here, Plaintiff sued Defendants in their official capacities for defamation, and intentional and negligent inflictions of emotional distress. (ECF No. 87 at 45-54.) The Eleventh Amendment, however, bars Plaintiff's tort claims as Nevada has not waived immunity. *See* NRS § 41.031(3) ("The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States."). Moreover, despite Plaintiff's unsupported argument, the Eleventh Amendment does in fact bar state tort claims. *See Gunn v. Skolnik*, Case No. 2:09-cv-02195-LDG (VCF), 2014 WL 3592296, *6 (D. Nev. July 18, 2014) (emphasis added) ("Defendants acting in their official capacity for the State are immune from a *state tort claim* because the State did not waive its Eleventh Amendment immunity."). The Court therefore agrees with Defendants.

In sum, Defendants are entitled to Eleventh Amendment protection. Defendants also have quasi-official immunity. Plaintiff's claims against Defendants are therefore dismissed with prejudice.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant Elizabeth Brown's motion to dismiss (ECF No. 91) is granted. All claims against Brown are dismissed with prejudice.

It is further ordered that Defendants Steve Grierson, Betty Foley, and Collin Jayne's motion to dismiss (ECF No. 131) is granted. All claims against Grierson, Foley, and Jayne are dismissed with prejudice.

It is further ordered that Plaintiff's motion to strike (ECF No. 138), which the Court construes as a response to Defendants' motion to dismiss (ECF No. 131), is denied.

DATED THIS 10th Day of December 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE