# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VICTORIA JOY GODWIN,

    Plaintiff,

v.

SENIOR GARDEN APARTMENTS, *et al*.,

    Defendants.

Case No.: 2:17-cv-02178-MMD-DJA

**ORDER AND
REPORT AND RECOMMENDATION**

Pending before the Court are seven motions. The Court will address each below and finds them appropriately resolved without a hearing. LR 78-1.

First is Plaintiff's Motion for Reconsideration of Order ECF No. 108 (ECF No. 111), filed on October 16, 2020. Defendant filed a Response (ECF No. 115) on October 27, 2020. Plaintiff filed a Reply (ECF No. 123) on November 3, 2020. Essentially, Plaintiff seeks for the Court to reconsider its order staying discovery due to the threshold issues of immunity. A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist*., 727 F.3d 950, 955 (9th Cir. 2013). This district's local rule LR 59-1 advises that "[a] party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). "Motions for reconsideration are disfavored. A movant must not repeat arguments already presented" except in narrow circumstances. *Id*. at (b).

Plaintiff does not set forth a valid reason why the Court should reconsider Order ECF No. 108; she merely restates the arguments that she previously made. The Court has reviewed its prior Order and the arguments presented by Plaintiff and Defendants in the filings with respect to the reconsideration request and has not found any reason to overturn this Court's finding that a

stay of discovery was appropriate due to the immunity issues raised in the Motion to Dismiss (ECF No. 91). The Court finds that Plaintiff has not presented newly discovered evidence that was not available to her at the time of the Order. Furthermore, the Court finds neither clear error nor manifest injustice in the reasoning of its Order.

Second is Plaintiff's Motion to Compel Defendants to Comply with Mandatory Disclosures Under Rule 26 (ECF No. 125), filed on November 16, 2020. Defendant filed a Response (ECF No. 134) on November 23, 2020. Plaintiff filed a Reply (ECF No. 144) on November 30, 2020. Plaintiff seeks to have Defendant serve initial disclosures. For the same reasons already articulated several times, the Court will not reconsider its Order ECF No. 108 implementing a stay of discovery and will deny Plaintiff's request to permit Rule 26 initial disclosures at this point in the case. Although the stay of discovery has been lifted as a result of the District Judge's Order (ECF No. 162), which granted the motions to dismiss ECF Nos. 91 and 131, as set forth below, the Court will extend a stay of discovery due to the new dispositive motion filed.

Third is Defendant's Motion for Order Quashing Service (ECF No. 135), filed on November 23, 2020. Plaintiff's response is in the form of a Motion to Strike (ECF No. 154), filed on December 6, 2020. Defendant replied in the form of a Response (ECF No. 172), filed on December 21, 2020. Defendant Clark County claims that it was not properly served and thus, the Court lacks personal jurisdiction over it. Specifically, Plaintiff improperly served the Clark County District Attorney rather than the clerk of the Board of Clark County Commissioners, which does not comply with Rule 4. Moreover, Defendant Clark County contends that even if Plaintiff were to cure the defect in service, the Fourth Amended Complaint fails to state a claim against Clark County upon which relief can be granted. The Court agrees with Defendant Clark County; Plaintiff appears to attempt to assert a negligent training claim against Defendant Clark County, which is subject to discretionary-act immunity and also fails to establish that court administrators and law clerks are county employees or that Clark County is responsible for training court employees. As a result, the Court will grant the request to quash improper service and recommend to the District Judge that Defendant Clark County be dismissed from this action.

As to the Fourth Motion, Plaintiff's Motion to Strike, Defendant's Motion is not a pleading subject to being stricken pursuant to Fed.R.Civ.P. 12. Moreover, Plaintiff contends that Defendant Clark County is attempting to dodge service and references admissions during a private settlement conference. The Court is not persuaded that Defendant Clark County's appropriate service objection is stated merely to dodge service. Moreover, for the reasons already stated, the Court finds that Defendant Clark County should be dismissed from this case and thus, correcting service would be futile.

Fifth is Plaintiff's Motion to Enforce Order Compelling Service (ECF No. 152), filed on December 3, 2020. Plaintiff requests the U.S. Marshal's Office attempt to serve Defendants Adriana Escobar and Timothy C. Williams again after receiving unexecuted returns (ECF Nos. 118 and 129). Plaintiff seeks an order compelling service as she disagrees with the reason why service could not be executed. She contends that the U.S. Marshal's Office could have left the summons and complaint with "an office supervisor or even a receptionist." (ECF No. 152). The Court finds that Plaintiff's cavalier attitude toward proper service does not promote an effective use of the valuable resources of the U.S. Marshal's Office nor does it observe the Federal Rules of Civil Procedure. The Court is not obligated to order service be attempted again when Plaintiff has not shown a good faith attempt to remedy the defect that led to the summons being returned unexecuted.

Finally, the sixth and seventh motions are Defendants' Motions to Stay Discovery (ECF Nos. 167 and 170), filed on December 14, 2020 and December 18, 2020. To date, no response has been filed by Plaintiff. Defendants seek a new stay of discovery given their filing of a Motion for Summary Judgment (ECF No. 126), which would be dispositive, no discovery is needed to decide the Motion, and raises res judicata. Indeed, Defendants highlight that Plaintiff has previously litigated claims in various Eighth Circuit cases with no success and they also request that she be declared a vexatious litigant. Additionally, other Defendants – law clerks Goodwin and Mayes – also seek a stay of discovery until their pending Motion to Dismiss (ECF No. 164) is decided as it raises immunity issues and discovery is not needed to dispose of the matter in its entirety. As the Court has previously found, Defendants have carried their heavy

burden of demonstrating that a stay of discovery is warranted given the pending dispositive motions and res judicata and immunity issues they raise. Motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The Court is persuaded by Defendants' position given the issues at stake and finds that the motions are dispositive as to the respective Defendants, do not require discovery to be decided, and appear meritorious.

## ORDER AND RECOMMENDATION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration of Order ECF No. 108 (ECF No. 111) is **denied**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Defendants to Comply with Mandatory Disclosures Under Rule 26 (ECF No. 125) is **denied**.

IT IS FURTHER ORDERED that Defendant's Motion for Order Quashing Service (ECF No. 135) is **granted in part** as to quashing service for insufficient service of process on Defendant Clark County. IT IS HEREBY RECOMMENDED that Defendant's request for dismissal in the Motion be **granted** and the undersigned recommends to the District Judge that Defendant Clark County be dismissed from this action.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (ECF No. 154) is **denied**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Enforce Order Compelling Service (ECF No. 152) is **denied**.

IT IS FURTHER ORDERED that Defendants' Motion to Stay Discovery (ECF No. 167) is **granted**.

IT IS FURTHER ORDERED that Defendants' Motion to Stay Discovery (ECF No. 170) is **granted**.

/ / /

/ / /

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated: January 5, 2021

_____
Daniel J. Albregts
United States Magistrate Judge