UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTORIA-JOY GODWIN, | Case No. 2:17-cv-02178-MMD-DJA |
| Plaintiff, | ORDER |
| v. | |
| SENIOR GARDEN APARTMENTS, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Victoria-Joy Godwin filed a fourth amended complaint alleging numerous defendants violated the Fair Housing Act, operated a racketeering scheme, and engaged in a civil conspiracy using state court personnel to intimidate Plaintiff. (ECF No. 87 ("FAC").) Plaintiff alleges Defendants Zach Noland, Leesa Goodwin, Marckia Hayes, Robert Gower, Judge Adriana Escobar, Judge Timothy Williams, and the Eighth Judicial District Court (collectively, "Defendants"), engaged in acts that caused Plaintiff harm. (*Id.*) Before the Court are Defendants' five motions to dismiss (ECF Nos. 163, 164, 171, 179, 187) and motion to strike (ECF No. 183)[1] Plaintiff's request for judicial notice. Plaintiff did not file any responses to Defendants' motions.

Local Rule 7-2(d) of the Local Rules of Civil Practice states in part that "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to granting of the motion." LR 7-2(d). Here, Plaintiff failed to file responses to Defendants' motions. The Court therefore grants Defendants' motions to dismiss and motion to strike as the motions are unopposed.

Additionally, the Court also grants Defendants' motion to strike on the grounds that Plaintiff's request for judicial notice (ECF No. 178) was improper.[2] Local Rule 7-2(b) sets

---

[1]Defendant Gower did not bring the motion to strike.

[2]Plaintiff's request for judicial notice is an improper use of Rule 201 of the Federal Rules of Evidence. *See* Fed. R. Evid. 201. Plaintiff seeks judicial notice of documents and

forth the timeline for filing a motion, response, and reply, and states in part that "[s]urreplies are not permitted without leave of court." LR 7-2(b). Moreover, this Court has previously held, "[a] document not allowed by Local Rule 7-2, or otherwise permitted by order of this Court, is a fugitive document and must be stricken from the record." *Reiger v. Nevens*, Case No. 3:12-cv-00218-MMD-VPC, 2014 WL 537613, at *3 (D. Nev. Feb. 7, 2014). Here, Plaintiff filed a request for judicial notice to "clarify[] confusion depicted in the Court's Order dated December10, 2020 [*sic*]." (ECF No. 178 at 1.) Plaintiff's request for judicial notice is improper because it seeks to present additional arguments on prior motions to dismiss *after* briefing on those motions were complete, and Plaintiff did not obtain leave from the Court. The Court thus finds Plaintiff's request for judicial notice to be improper and grants Defendants' motion to strike.

It is therefore ordered that Defendants' motions to dismiss (ECF Nos. 163, 164, 171, 179, 187) are granted. All claims against Defendants Noland, Goodwin, Hayes, Gower, Judge Escobar, Judge Williams, and the Eighth Judicial District Court are dismissed.

It is further ordered that Defendants' motion to strike (ECF No. 183) is granted.

The Clerk of Court is directed to strike Plaintiff's request for judicial notice (ECF No. 178) from the record.

DATED THIS 1st Day of February 2021.

 

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

exhibits already in the record and additional legal arguments in support of Plaintiff's claims previously dismissed by the Court.