UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| VICTORIA-JOY GODWIN, | Case No. 2:17-cv-02178-MMD-DJA |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| SENIOR GARDEN APARTMENTS, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Victoria-Joy Godwin filed an 87-page Fourth Amended Complaint, alleging several claims against multiple Defendants arising from Godwin's eviction from her apartment in September 2017. (ECF No. 87 ("FAC").) Defendants Senior Garden Apartments ("SGA"), Russell Ricciardelli, Steven Ramirez, and Edward Kania have filed a motion for summary judgment and request Godwin be declared a "vexatious litigant." (ECF No. 126.) In response, Godwin filed a motion to strike Defendants' motion. (ECF No. 149.)[1] Because there is no subject matter jurisdiction over this action pursuant to the *Rooker-Feldman* doctrine, the Court will deny the parties' motions as moot.

**II.   BACKGROUND**

**A.   Summary Eviction**

Tenant Victoria-Joy Godwin entered into a one-year residential lease agreement for a unit at SGA on June 1, 2016. (ECF No. 126-1.) Over a year later, on August 23, 2017, landlord Russell Ricciardelli filed a complaint against Godwin for a no-cause summary eviction with the Justice Court of Clark County, Nevada ("Justice Court"). (ECF No. 126-3 (Case No. 17E019770).) Ricciardelli's complaint was later denied as moot on September 29, 2017. (ECF No. 126-4 at 2.)

---

[1]The Court, having reviewed Godwin's motion to strike, will construe her motion more appropriately as a response to Defendants' motion for summary judgment.

On September 14, 2017, Ricciardelli had also filed a second summary eviction complaint against Godwin but for nonpayment with the same Justice Court. (ECF No. 126-7 at 3-4 (Case No. 17E021987).) Godwin filed an answer. (ECF No. 126-6.) She opposed the summary eviction on the grounds that she withheld paying rent due in part to Ricciardelli's failure to fix the "essential services" problems in her apartment. (*Id.* at 2.) She additionally asserted Ricciardelli discriminated against her in violation of the Fair Housing Act and Nevada laws, and Ricciardelli retaliated against her for having engaged in protected activities. (*Id.* at 3.) Godwin also stated Ricciardelli was given noticed on April 10, 2017, about "a plethora of sexual harassment incidents and failed to . . . eliminate the problem." (*Id.* at 6.) However, on September 25, 2017, the Justice Court entered an order for summary eviction against Godwin. (ECF No. 126-7 at 2.)

Godwin filed an appeal to the District Court of Clark County, Nevada ("District Court"). (ECF No. 126-8 at 3-9 (Case No. A-17-762628-A).) On October 19, 2017, the court denied Godwin's appeal because she had not presented any valid grounds for an appeal. (ECF No. 126-9 at 2-4 ("Appeal Decision").) The case was remanded to the Justice Court. (*Id.*)

### B. First State Action

Prior to the Appeal Decision, on October 9, 2017, Godwin filed a complaint for declaratory judgment against Ricciardelli and SGA in the same District Court, appearing to challenge the eviction proceedings and related events. (ECF No. 126-10 at 5-30 (Case No. A-17-762739-C ("First State Action")).) Godwin asserted the following claims: (1) sexual harassment; (2) hostile environment sexual harassment; (3) sexual harassment discrimination; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; and (6) First Amendment violation. (*Id.* at 20-28.) Godwin alleged the Justice Court violated her religious freedom rights when it set a hearing on a two-day holy celebration she observed. (*Id.*; ECF No. 87 at 23.) Godwin also alleged Ricciardelli retaliated against her for reporting the harassment by filing "all forms of summary process" and had created a "seriously hostile environment." (ECF No. 126-10 at 11-12.)

On February 22, 2018, the District Court granted summary judgment in favor of Ricciardelli and SGA. (*Id.* at 2-3.) The court stated the relief Godwin sought had already been denied in the Appeal Decision, and therefore her claims were "barred under the doctrine of res judicata." (*Id.*) Godwin subsequently filed an appeal to the Nevada Supreme Court, which initially transferred her appeal to the Nevada Court of Appeals, but later denied Godwin's petition for review on May 10, 2019.[2] In the interim, the Nevada Court of Appeals affirmed the lower court's judgment and denied Godwin's appeal.[3] It noted Godwin failed to present her argument against the dismissal of her sexual harassment and discrimination causes of action and therefore, she had waived such arguments. *See* note 2, at 3 n.3.

### C.    Second State Action

On the same day as the First State Action, Godwin filed a "complaint for injunctive relief/tro filed concurrently with request for setting aside summary eviction and declaratory judgment" against the Justice Court, Ricciardelli, and SGA in the same District Court. (ECF No. 126-11 at 2 (Case No. A-17-762740-C ("Second State Action")).) Godwin alleged the Justice Court granted the "landlord the permission to violate the law" and that the Justice Court and the hearing master lacked judicial immunity. (*Id.* at 3.)

On March 23, 2018, the District Court granted summary judgment in favor of Ricciardelli and SGA. (*Id.* at 8-10.) The District Court concluded that summary judgment was appropriate as claim preclusion prevented Godwin from re-litigating a claim previously decided by the Justice Court and District Court on appeal. (*Id.* at 9.) It further stated Godwin's "claims have already been addressed and denied in previous proceedings." (*Id.* at 10.)

---

[2]*See Godwin v. Senior Garden Apartments*, Case No. 75623, Doc. Nos. 18-43054, 19-20567 (Nev. Nov. 2, 2018, May 10. 2019), https://nvcourts.gov/Supreme/How_Do_I/Find_a_Case/.

[3]*See Godwin v. Senior Garden Apartments*, Case No. 75623-COA, Doc. No. 19-04012 (Nev. App. Ct.  Jan. 25, 2019), https://nvcourts.gov/Supreme/How_Do_I/Find_a_ Case/.

Similar to the First State Action, Godwin then filed an appeal to the Nevada Supreme Court, which initially transferred her appeal to the Nevada Court of Appeals, but later denied Godwin's petition for review on May 10, 2019.[4] In the interim, the Nevada Court of Appeals affirmed the lower court's judgment on the basis that claim preclusion was correctly applied and denied Godwin's appeal.[5]

### D. Federal Action

On August 14, 2017, Godwin initiated this federal action. (ECF No. 1-1.) Nearly three years later, on August 18, 2020, Godwin filed her FAC. (ECF No. 87.)[6] Godwin's 87-page FAC alleges numerous Defendants violated the Fair Housing Act, operated a racketeering scheme, and engaged in a civil conspiracy using state court personnel to intimidate Godwin. (*Id.*) She states that she suffers from severe and enduring emotional distress, which is a result of Defendants' acts or failures to act. (*Id.* at 48.)

Godwin alleges in her FAC seven claims: (1) sexual harassment; (2) hostile environment sexual harassment; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) defamation; (6) racketeering; and (7) civil conspiracy. (*Id.* at 42-86.)

In Claim 1 (sexual harassment), Godwin alleges "[t]he wrongful conduct . . . of Defendants, including all who allowed the enforcement of a void judgment which covertly 'condoned' the violation of State laws prohibiting retaliatory evictions for reporting sexual harassment, was malicious, oppressive, and fraudulent in nature[.]" (*Id.* at 43.)

---

[4]*See Godwin v. Justice Ct. of Clark Cnty.*, Case No. 75624, Doc. Nos. 18-43055, 19-20573 (Nev. Nov. 2, 2018, May 10. 2019), https://nvcourts.gov/Supreme/How_Do_I/Find_a_Case/.

[5]*See Godwin v. Justice Ct. of Clark Cnty.*, Case No. 75624-COA, Doc. No. 19-04010 (Nev. App. Ct. Jan. 25, 2019), https://nvcourts.gov/Supreme/How_Do_I/Find_a_Case/.

[6]The Court again notes that it finds it difficult to decipher Godwin's allegations and the factual basis for her claims is somewhat confusing. Although the Court has raised the issue of clarity before (*see* ECF Nos. 42 at 2, 36 at 3), Godwin's claims require the Court to construe them as stated herein.

In Claim 2 (hostile environment sexual harassment), Godwin alleges "[a]ll Defendants acted with extreme indifference to [her] right to petition the landlord for redress directly, and . . . [her] rights to property being safe from illegal seizure under the color of law." (*Id.* at 45.)

In Claim 3 (intentional infliction of emotional distress), Godwin alleges the "actions of all Defendants as to sexual harassment, and for discrimination inherent in a retaliatory eviction and for abuse of process establishes intentional infliction of emotional distress[.]" (*Id.* at 45-46.) She further alleges her "throat constricts when prompted to discuss the betrayal of those attorneys and judges authorized to work in the courtroom for the purpose of dispensing justice." (*Id.* at 48.)

In Claim 4 (negligent infliction of emotional distress), Godwin alleges "Defendants guaranteed that such harm would come to [her]" by "neglecting to review the records and refusing to verify [her] evidence from a higher court." (*Id.* at 50.) Additionally, she alleges Defendants "[n]eglecting and/or refusing to report court personal who strayed from lawful process" harmed her. (*Id.*)

In Claim 5 (defamation), Godwin alleges attorney Edward Kania "denigrated" her to the District Court when he implied she was a vexatious litigant, and when he asserted in his summary judgment motion on December 12, 2017, that "there was no facts in disputed as grounds for summary judgment[.]" (*Id.* at 52.) Godwin further states the "intent to tarnish becomes obvious when the records show the first lawsuit was the appeal which remanded the action [Kania] filed unlawfully." (*Id.*)

In Claim 6 (racketeering), Godwin alleges Ricciardelli and Kania were part of a fraud scheme by "misrepresent[ing]" to the Justice Court that Godwin "would not pay rent when [they] knew the falsity of that represented, made in an affidavit to the Justice Court." (*Id.* at 56.) Godwin further alleges Ricciardelli compelled Steven Ramirez to recruit Godwin into "joining a white-slave ring" but Ricciardelli made "the misrepresentation material to the summary eviction" by alleging no facts were in dispute. (*Id.* at 56-57.)

///

In Claim 7 (civil conspiracy), Godwin alleges "[e]ach Defendant ignored court records expressly showing that [she] was extorted for sex and evicted in a secret, second hearing to retaliate against [her] for reporting the sexual extortion to [the Department of Housing and Urban Development]." (*Id.* at 68.) She further alleges "[e]ach Defendant obtained an illegal objective either from the fruit of undue influence or by concealment of the illegal hearing[.]" (*Id.*)

### III. DISCUSSION

Defendants make several arguments that summary judgment should be granted in their favor as issues raised in this action have already been adjudicated. (ECF No. 126 at 1, 8-16.) Godwin appears to counter she should not "avail herself of the legal process authorized in the statutory courts." (ECF No. 149 at 2.) Because the Court finds, *sua sponte*, it lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, the Court will not reach the merits of this case.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). However, federal courts are also prohibited from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment under the *Rooker-Feldman* doctrine. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). The doctrine evolved from two United States Supreme Court cases from which the doctrine's name is derived. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The *Rooker-Feldman* doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Ninth Circuit has explained that "[a] federal district court dealing with a suit

that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005) (quoting *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)).

Here, Godwin filed her First and Second State Actions on October 9, 2017. In her First State Action, she brought six claims—four of which are identical to claims brought in this action[7]—against Ricciardelli and SGA. The state District Court granted summary judgment in favor of the opposing party on res judicata grounds, but Godwin nonetheless appealed. On appeal, the Nevada Court of Appeals affirmed the lower court's judgment on January 25, 2019. It made clear Godwin waived her arguments regarding her sexual harassment and discrimination related claims by failing to present them in her appeal. Thereafter, on May 10, 2019, the Nevada Supreme Court denied her petition for review.

While Godwin initiated this action on August 14, 2017, she did not file her FAC until August 18, 2020—well after a final judgment was rendered in the First and Second Sate Actions. Because her claims—sexual harassment, hostile environment sexual harassment, intentional infliction of emotional distress, and negligent infliction of emotional distress—were decided in the First State Action and are identical to four of the seven claims in her FAC, the Court finds Godwin is merely seeking a forbidden de facto appeal from a state court decision. Such an appeal is prohibited under the *Rooker-Feldman* doctrine. *See Doe*, 415 F.3d at 1042 (explaining that a federal district court must refuse to hear a forbidden appeal of a state court decision under *Rooker-Feldman*).

However, the FAC includes three additional claims of defamation, racketeering, and civil conspiracy (ECF No. 87 at 51-86), which were not alleged in her First or Second State Actions. But these three claims—similar to the four identical claims discussed above—are "inextricably intertwined" with the state court decisions that summary eviction

---

[7]Those claims are sexual harassment, hostile environment sexual harassment, intentional infliction of emotional distress, and negligent infliction of emotional distress.

7

for nonpayment against Godwin was proper. In Claim 5 (defamation), Godwin alleges Kania denigrated and tarnished her by implying she was a vexatious litigant and falsely stating there were no disputed grounds when the record showed her summary eviction appeal was remanded to the Justice Court. *See supra* Claim 5 at 5. In Claim 6 (racketeering), Godwin alleges Ricciardelli and Kania engaged in a fraud scheme by misrepresenting in summary eviction proceedings that Godwin did not pay rent. Riccardelli further made a misrepresentation when he alleged no material facts were in dispute. *See supra* Claim 6 at 5. In Claim 7 (civil conspiracy), Godwin alleges all Defendants ignored court records showing she was evicted in a secret hearing and Defendants "obtained an illegal objective either from the fruit of undue influence or by concealment of the illegal hearing." *See supra* Claim 7 at 5-6.

The Court finds these three claims, addition to the four identical claims, are claims that Godwin suffered harm because of the state judgments in the First and Second State Actions that summary eviction was properly entered against Godwin. *See Noel*, 341 F.3d at 1163 (articulating one kind of case the *Rooker-Feldman* doctrine forbids is one where "the federal plaintiff may complain of a legal injury cause by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants."). As such, Godwin is seeking relief from those state judgments which are barred by *Rooker-Feldman*. The Court thus finds, *sua sponte*, it lacks subject matter jurisdiction over this action. *See Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (a court may dismiss *sua sponte* for lack of subject matter jurisdiction without violating due process). Accordingly, the parties' motions are denied as moot.

**IV.   CONCLUSION**

In sum, the Court finds that it lacks subject matter jurisdiction over this action. The Court therefore dismisses the claims in this action without prejudice.

It is therefore ordered that Defendants' motion for summary judgment (ECF No. 126) is denied as moot.

///

It is further ordered that Plaintiff Victoria-Joy Godwin's motion to strike (ECF No. 149) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 14th Day of September 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE